IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE LOGAN, *et al.*,

     Judgment Creditors,

v.                                        No. 1:26-mc-00017-KG

CREDIT ONE BANK N.A.,

     Judgment Debtor.

**ORDER DENYING MOTION TO REGISTER JUDGMENT**

Jamie Michael Logan-Bey filed a Notice of Mandatory Registration of Foreign Judgment Pursuant to 28 U.S.C. § 1963, Doc. 1, filed April 21, 2026 ("Motion"). Logan-Bey states he is the "Acting Chief Clerk of the Consul Court of the Moroccan Empire 1836, the "Consul of the Moroccan Empire 1836," and the "Acting Justice of the High Court of the Moroccan Empire 1836" and that the "attached Final Default Judgment is a true, correct and complete copy of the original record now on file in my office." Motion at 9. Logan-Bey seeks to register a judgment titled "Empire of Morocco, Aboriginal Indigenous Natural Peoples of the Land – North America / Northwest Amexem, Foreign/International Affidavit of Fact In the nature or a AO 450 Notice of Default Judgment Order Commercial Lien" pursuant to 28 U.S.C. § 1963. Motion at 11.

The Court denies Logan-Bey's Motion to register the judgment. Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the Court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . .

28 U.S.C. 1963. Section 1963 grants authority to a district court to register judgments of other federal courts and the Court of International Trade; it does not authorize registration of judgments from other courts. *See Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any other courts than other district courts[, courts of appeal, bankruptcy courts] or the Court of International Trade"); *Marbury Law Group, PLLC v. Carl*, 729 F.Supp.2d 78, 83 (quoting cases: "nothing in the language of section 1963 grants authority to a district court to register judgments of any [other] courts . . the only judgments that can be registered under [28 U.S.C. § 1963] are judgments from other courts of the United States . . . § 1963 does not provide for the registration of a state court judgment for execution in a federal district court"). The judgment Logan-Bey seeks to register is not a judgment of a United States Court.

IT IS ORDERED that Jamie Michael Logan-Bey's Motion to Register Judgment, Doc. 1, filed April 21, 2026, is DENIED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.